Please call the next case. Case number 11-2375 in regards to the Commitment of Simmons. Good morning. Good morning. May it please the Court, my name is Matthew Daniels and I represent the appellant, Jake Simmons, in this matter. If it's all right with the Court, I would ask to reserve three minutes of my time for rebuttal. Your Honors, this matter arises out of the Sexually Violent Persons Commitment Act case. In this case, Mr. Simmons was facing involuntary civil commitment for an indefinite period of time. He should have received a trial where he was afforded all of the rights guaranteed to him under the SVP Act. He was not, though, especially during the disposition phase. This Court should reverse- If he was given a trial, what would he have done? Pardon, Judge? If he was given another hearing, what would he have done? Speaking of the disposition hearing, Your Honor, at a disposition hearing, which our position is he was denied, he would have been able to present evidence that is relevant to each of the three factors that are set forth under Section 40B-2 of the SVP Act, which are mandatory factors the trial court must consider in reaching a decision about disposition. And how would that have been done? Did you have an expert witness? We did have an expert witness, Your Honor. Okay. In this case- And what would your expert have said? The expert would have testified to issues relevant to the three factors under Section 40B-2. Did you make an offer of proof to that fact before the trial, Judge? There was, Judge. After the trial court entered judgment on the verdict, the state had requested an immediate order of commitment to secure confinement. The trial court asked then the defense what its position was on this issue. The defense indicated they did wish to have a predisposition evaluation completed, but additionally the trial court also heard from the defense an offer of proof that the defense was ready to present evidence that was relevant to the issues of what sorts of treatment options were available both in the community as well as in secure confinement. So let me get this straight. You're saying that the disposition hearing was not held as thoroughly as it should under the statute? Our position is that it was not held. It wasn't held at all? That's correct, Your Honor. And Justice Gordon asked you what would have been different, and the other question I have is what relief are you asking for? Are you asking for a new disposition hearing? That would be correct, Your Honor. We would be asking for a new disposition hearing. And you think that new disposition hearing, what would be the point of it? I mean, do you think he would be subject to some sort of less confining placement than what the judge gave him? That's a possibility. And in Section 40B-2, it's based upon what? It certainly doesn't seem to suggest that the facts of this case would result in such a less confining placement given the nature of this individual. And I'm not talking about his convictions. I'm talking about his unwillingness to undergo anything that he was obligated to undergo. That would have been relevant to whether or not he continued to pose a risk. With regard to what he was or was not obligated to do, just to clarify, Mr. Simmons, if Your Honor is speaking specifically towards his lack of participation in treatment up through the point of trial, Mr. Simmons was at no point either during the pendency of the SVP proceedings or previously under any order to actually participate in treatment. The decision that was made by Mr. Simmons not to participate in treatment. Were there recommendations out there? There were recommendations out there. And those recommendations were that he undertake those sort of involvement. That's true. And he declined to do so. That's true. With regard to the SVP. And there were also statements regarding this individual that he acknowledged he himself posed the risk. There was a statement. So under those facts, even if the law is as you say, that a more thorough disposition hearing should have been held, why do you think the outcome would have been any different as Justice Gordon has? The central issue with regard to the disposition hearing, let me back up. There are three factors that must be considered according to Section 40B-2. The trial court must consider the behavior that gave rise to what were the allegations in the petition. Secondly, the trial court must consider the respondent's mental history as well as his present mental status. And third, and this is the most important part, would be what arrangements are available to ensure that the respondent has access to and would participate in treatment. Participate. That's correct. It is a key word, your Honor. Did he ever participate? There was testimony that there was a brief period when he was in the Illinois Department of Corrections that he was in some. A brief period. It was a very brief period. I acknowledge that. Well, isn't it true that this man refused mental health treatment? He refused to be evaluated? He did refuse to participate in an interview as part of the evaluation, which was his right under the Act. So doesn't the case law say when people refuse to do those things that they're not entitled to any further hearing? Do you have a case that would show that he should be given a further hearing? What I would point to would be People v. Winterfelter, which is a SVP case out of the 3rd District decided in 2000. There the 3rd District held that under Section 40B1 of the SVP Act a hearing is required. And what's important to remind the Court of here is that there is no dispute between the parties. Well, a hearing would be required unless it becomes a useless act. I mean, isn't the final determination whether this man would be a repeat offender? With regard to the disposition hearing, Your Honor, the inquiry is where the most appropriate place for treatment would be, which I believe would be different from whether he would be a future offender. The SVP Act created a bifurcated proceeding for the purposes of trial. The first phase of the bifurcated proceeding is the commitment trial itself. That was the proceedings in front of the jury where the jury made the determination that Mr. Simmons had been convicted of a sexually violent offense, that he suffered from a mental disorder that affected his emotional and volitional capacity, and that he was at a substantial probability to commit future acts of sexual violence. And at that very trial he continued in his obstinate ways? He was not present at the trial, which was his right. He does have a right under the Act to be present or not present. He elected not to be present. The court question, though, during the disposition phase speaks to where the appropriate placement for treatment is. Out of the three factors that Section 40B2 set forth, the one factor that doesn't have any overlap with any of the issues during the first phase of the bifurcated proceeding would be the third factor. The factor regarding where treatment would be most appropriate. What are the options? The options would either be secure confinement or conditional release in the community. Here the third factor wouldn't be relevant because treatment is not as a predicate, treatment isn't really an issue for the purposes of SVP proceedings unless someone has in fact been adjudicated to be a sexually violent person. Therefore, the disposition proceeding, which was mandated by statute, is essential and it serves as a procedural safeguard as well for the respondent since what we're dealing with here is involuntary commitment of someone for an indefinite period of time. The disposition here... So it's clear he doesn't remain there indefinitely without further review, right? There is an annual review. That is correct, Your Honor. And you can go through it all over again if you want. Well, not to the same degree that one would have at a full-blown commitment trial, but there is an opportunity for review. But there's also no guarantee of eventual release either. No. Well, how could there be a review or a release or anything when somebody doesn't cooperate, doesn't take treatment? Are they entitled to these kind of rights? They are entitled to the right to the hearing, which was guaranteed to them under Section 40B-1. So under any circumstances, a person should always have a hearing. Is that what the law says? Yes, Your Honor. That is what the law says. And the state has conceded as much in its brief. Okay. Here, since that hearing was not conducted, we are specifically asking that the matter be remanded for that hearing. We're not arguing here today that Mr. Simmons is absolutely guaranteed a right to be placed on conditional release. The trial clerk could very well hold the hearing and reach the exact same results. What we're asking for, though, is that his procedural right to have the hearing be respected. Turning to my second point, the trial court erred when it referred to the state's opinion witnesses as experts in the presence of the jury in this case. I know that there was a motion to eliminate filed, but the motion to eliminate didn't, you know, it sought that to be done during the sidebar. That's correct. But it didn't seem, or from what it read, it didn't request that the reference to these opinion witnesses be done consistent with the instructions. And the instructions do not use the word expert. At least not the way I saw it. I believe you were correct about that, Your Honor. I didn't see them. So if the motion to eliminate had been filed that we believe the court should reference these witnesses consistent with the instructions, maybe that would have had a better likelihood of a good result for your client. But, you know, when you want to preclude the term expert from being used, you know, I think... Your point is well taken. You're almost losing. You're behind the eight ball there. I like your point. What's significant here regarding this issue are two parts of the record that we see. One is a question that one of the jurors raised at the conclusion of the direct examination of Dr. Safli as the state's first expert. After the direct examination had been completed, the juror raised her hand and she asked the judge a question. She asked, you were talking about the qualifications of the experts. I couldn't hear if you said qualified or disqualified. The trial court answered qualified. The concern here is even if the trial court had not intended to give an opinion or give some sort of endorsement... By pointing that out, you're not suggesting that the judge should have ignored the question and the judge certainly should have answered the question accurately. So where do we go from there? Well, the problem has been alleviated if the foundation had been laid for the opinion witness to give opinion testimony, if that ruling had been made at the sidebar. The jury would have never heard the words... But the entire trial is built around expert or opinion witness testimony. It seems that you're trying to hide the ball a little bit from the jury when the jury is there to decide whether or not these expert witnesses, and usually it's one-on-one or opposing witnesses. Here there weren't any opposing witnesses. Why should the jury be told up front that these are the experts, you are to judge whether the state has made out its case? Because the reason is that while it's easy for us as individuals trained in the law to understand the distinction between the word expert simply meaning that someone can give opinion testimony, that distinction can easily be lost on a jury of lay people, and we see that here in the record. We aren't arguing that either side should be precluded from talking about opinion witnesses or opinions. However, the word expert itself connotes a certain level of endorsement, especially when that comes from the trial judge. There is the risk that the jury reaches an outcome regarding the ultimate issue based upon what they believe the judge was saying, whether someone qualifies as an expert or not, when they're weighing the evidence. You need to wrap up your argument. You're going into your rebuttal time. Okay. If I may reserve the balance of the time, Judge. Thank you. It's a recording device, as Justice Hall has pointed out. I couldn't see you, Justice Hall. Hey, police, the court. I am Assistant Attorney General Gopi Kashyap on behalf of the people of the state of Illinois. Counsel, I can't hear you. What is your name? My name is Gopi Kashyap. First name is G-O-P-I, and the last name is K-A-S as in Sam, H-Y-A-P as in Peter. A-P? P. Speak up, please. Sure, I will. I'm sorry, Your Honor. I would like to start with the qualification issue that we just addressed. First of all, the issue is forfeited. His respondent didn't contemporaneously object, nor did he object in his post-trial motion or raise the error. Notwithstanding forfeiture, Your Honor, the jury was instructed multiple times that the testimony of the witnesses, the opinion witnesses, were to be given the same weight as the testimony of any other witness that would have testified. Were there any other witnesses? There were no other witnesses, Your Honor. Yet, counsel or respondent's counsel, even in closing arguments, referred to the doctors as experts and stated to them, argued, these opinion witnesses are experts, yet you must give them the same weight as you would other witnesses. So the jury was clear from both the court's instructions, from counsel's statements, and all instances that these witnesses were to be treated the same and that the jury was to give them whatever weight they thought was necessary. So there would be absolutely no prejudice by the statement that the trial court made on the record. Maybe it's overkill. And maybe we should reconsider putting that label on such a witness. Why do it? Sure, Your Honor, but here in this case, it's certainly not plain error. It's certainly not clear or obvious error. And in the context of the evidence in this case, it was not prejudicial. And so, therefore, the trial court did not err in that regard. I'd like to then turn to the dispositional hearing issue. I'd like to start by... What's your concession regarding that? What's our concession, Your Honor? I thought counsel referred to an acknowledgment by the AG's office that a dispositional hearing is required under Section 40. Yes, Your Honor. And none was held. We agree that a dispositional hearing is required. The Act says that pursuant to a hearing, the court shall... Was one held? Yes, Your Honor. In this case, a respondent was afforded a dispositional hearing. It was immediately after trial. He knew that it would occur immediately after trial. At a hearing, don't both sides get to introduce evidence? At a hearing... And wasn't counsel for the... How do you refer to them? A sexually violent person told at the beginning of the trial that we'll hold a dispositional hearing down the line. So let me clarify the facts a little bit. At the beginning of... About a month before trial, there was a pretrial conference. At the end of the conference, a respondent asked the court for notice, stating we would like notice from the state as to whether they plan to move for immediate disposition following trial. And the state responded, yes, we plan to move for immediate disposition following trial. And counsel had stated so that we can be prepared to... We can have our evidence ready at the time. And the state said, sure, you can put on whatever evidence at the time. It could be a short hearing following the trial. And the trial court just responded, okay, so we're in agreement. Fast forward a month to the trial, he's found an SVP, and immediately after the court enters judgment, the state moves for disposition. The court says, anything further? The state says, yes, Your Honor, we'd like to move for immediate disposition based on the testimony of the experts through April of that same year. Now this is in May, so only a month has elapsed. And based on his behavior in DHS. Respondent, in response, states, no, Your Honor, we'd like a continuance. And the reason we want a continuance is because we want to give the court information as to the respondent's current mental situation, his current mental status, and provide information regarding protective factors, risk level, level of treatment. All these things had come out at trial, and those are the statutory factors that were considered by the trial court. So respondent's counsel had ample opportunity at that time to say... So there was never an agreement to postpone the dispositional hearing? There was an agreement to a hearing, but as to the parameters... Postponing it? I'm sorry? Postponing it? No, there was never an agreement to postponing it, Your Honor. It was an agreement to just having it immediately after trial. And respondent's counsel knew that, and yet he failed to offer the court with any specifications as to what a witness would have testified to, or how it would have been material. So no offer of proof was really made? No, Your Honor. It was general statements regarding current level of treatment, risk factors, level of risk, and nothing specifically saying that we have this witness that was witness testified to X, Y, and Z. There was nothing. And on top of that, once the court made the dispositional finding, stating that it had sufficient information based on his failure to have treatment at all, respondent's counsel stated, ask for a motion for a predispositional evaluation, and the court said denied, and then stated, quote, anything further, anything for the record, and yet counsel didn't come forward and say, no, we have this witness, Your Honor. I know that a sexually violent person doesn't have to be present at a trial, at a jury trial, as he wasn't in this case. Yes. Is there any mention in the statute that he has a right or has to be present? Because in some instances he has to be present. Does he have to be present at the disposition hearing? I do not believe he has to be present, Your Honor, but he does have the right to notice of the hearing. I believe it's under Section 25. Is that written notice? And did your office provide a written notice? The trial court, when it admonished the respondent that the trial would occur on this date and that he would be tried in absentia, that order included notice that the disposition hearing also could occur. The record states that the state made it clear at the time to make sure that he had noticed that disposition could be made and may be able to be followed in the trial. So he was aware that that was a possibility, and the respondent isn't contesting that he wasn't aware of that. Did you have notice that they had an expert? Your Honor, I actually don't know. I apologize. But I'm happy to supplement the record if you'd like. There's nothing in the record suggesting that. The only thing in the record that refers to them having an expert is the pretrial motions hearing saying we'd like to have our evidence, and then at the time, the respondent vaguely referred to an expert at the end of his colloquy with the judge. But I don't know if they noticed. I'm sorry. In any event, the trial court certainly did not abuse its discretion in failing to continue the hearing because counsel failed to make an offer of proof, but on top of that, it had sufficient information. As Justice Garcia pointed out, this individual has never undergone any treatment and has continued sexual offenses throughout for 20 years. Even in institution, he is unable to control his sexual urges. He has a mental disorder. He needs treatment. And he provided the court with absolutely no assurance that he would participate in any treatment. And so the court had enough information as to all three factors under Section 40 of the Act. So unless this court has further questions, we ask the court to affirm the trial court's judgment. Thank you. Good morning. Good morning. Just a few brief points, Your Honors. Where in the record does it show that you had an expert witness? There was an expert that was appointed for us, Dr. Leslie Kane, during the pre-trial proceedings. Was this report given to the state? Yes, Your Honor. Was it given to the trial court? I don't know if it would have been tendered directly to the trial court. The practice, at least in Cook County with regard to SVP cases. I didn't find it anywhere in the record. That would probably explain why, that it probably was not tendered to the trial court. With regard to whether there was a sufficient amount of evidence already in the record regarding factors, what cannot be disputed is that there was no testimony regarding the factor regarding what treatment arrangements were available. There was no testimony given. So you're saying even from their side, you never got a chance to call into question what they were relying on for the disposition of this individual? I'm not quite sure if I understand precisely your question. I thought you were saying that something had to go on at the hearing, and the AG's office would go first. They would present their evidence, and in the normal course of a hearing you'd have a right to challenge it. That's correct. Under Section 25C. And you're saying that nothing like that happened? That's correct. Section 25C.3 of the Act specifically gives respondents the right to present and cross-examine witnesses at any hearing. There are only two exceptions that the Act makes for that general rule. Neither of those two exceptions apply within the context of a post-trial disposition hearing. Here, there was no evidence that was presented during the trial regarding what sort of ---- The only person who knew what evidence the judge would be relying on to enter its disposition was the judge himself. That's correct, Your Honor. Based on what he had heard during the course of the trial. That's correct. And the information that the judge had available based off the trial was insufficient in relation to the three factors that are mandatory for the trial court to consider. So to that extent, neither side really had a Section 40 hearing. That's in our position. That's correct. And for the reasons set forth in our brief as well as in this argument, we would ask that the judgment of the trial court be reversed and remanded either for the purposes of conducting the Section 40 dispositional hearing or for a new trial. Thank you. Thank you, counsel. This matter will be taken under advisement.